In the Matter of Lindsey Theopolis
WILLIAMS, Debtor.

Appeal of Lindsey Theopolis WILLIAMS.

No. 81–1048C(C).

United States District Court,
E. D. Missouri, E. D.

Nov. 12, 1981.

Elbert Dorsey, St. Louis, Mo., for Williams.

David A. Lander, Steven Goldstein, St. Louis, Mo., for trustee.

Harrison Don King, Clayton, Mo., for United Missouri Bank.

## MEMORANDUM

MEREDITH, District Judge.

This is an appeal from a decision of the United States Bankruptcy Court, Eastern District of Missouri. Appellant-debtor Lindsey Theopolis Williams contends that the bankruptcy judge erred in denying his application for dismissal of his voluntary petition. This Court has jurisdiction pursuant to 28 U.S.C. § 1334.

## FACTS

On June 22, 1981 appellant filed an application to dismiss his voluntary petition. Notice to creditors of the application was given on June 23, 1981. On July 14, 1981 United Missouri Bank, an unsecured creditor, filed its objection to appellant's application on the grounds that dismissal would permit the sale of assets without payment to the unsecured creditors.

A hearing on appellant's application was held on July 16, 1981 in the United States Bankruptcy Court, Eastern District of Missouri, the Honorable John J. Shanahan presiding. Appellant was present at the hearing and was accompanied by counsel. The attorney for the trustee was also present. The objecting creditor did not attend the hearing.

Appellant's application indicates that the sole reason for his seeking dismissal was that his ability to pay his debts had improved since the filing of his voluntary petition. This was confirmed at the July 16 hearing on the application, *see* Transcript at 16–17, and by appellant's brief at 11. On the basis of the evidence adduced at the July 16 hearing, Judge Shanahan specifically found that "debtor's decision to seek dismissal was triggered by his realization that there was substantial equity in his real estate in excess of the interest of the mortgage holder and his statutory exemption."

On July 22, 1981 Judge Shanahan entered an order denying the application on the grounds that it was not in the best interest of the creditors. In an opinion dated July 22, 1981 and addressed to the attorneys for appellant, the trustee, and the objecting creditor, Judge Shanahan explained the reasons behind his order. He stated that the sale of the real estate would generate sufficient proceeds to pay the unsecured creditors. He also stated that the debtor had admitted that payment of the creditors in the event of dismissal would require extended time and forebearance on the part of those creditors.

## DECISION

### I. ADEQUACY OF THE HEARING

Appellant has challenged the July 22 decision of the bankruptcy judge on the grounds that the July 16 hearing did not comply with the Bankruptcy Rules. Specifically, appellant argues that Part VII of the Bankruptcy Rules requires that a debtor be given prior notice that a creditor is objecting to his application for dismissal and that the objecting creditor be present at the hearing on that application. In this case, no such notice was given, and the objecting creditor was absent from the hearing.

■ Appellant's argument is premised on the assumption that the hearing was an "adversary proceeding" within the meaning of the Bankruptcy Rules. The types of actions which are deemed adversarial under the Bankruptcy Rules are set out in Rule 701. Applications for dismissal are not among them. Therefore, hearings on such applications are governed by Rule 914, "Procedure in Contested Matters Not Otherwise Provided for." See Advisory Committee Note to Rule 701. Nothing in that rule requires that notice of an objection be given to the debtor or that the creditor be present at the hearing. Hence, the bankruptcy judge did not err in conducting the July 16 hearing without prior notice of the objection and without the presence of the objecting creditor. The July 16 hearing fully complied with the Bankruptcy Rules.

■ Appellant also argues that the absence of notice that a creditor was objecting and the failure of the objecting creditor to attend the July 16 hearing deprived him of due process as required by the Fifth Amendment to the United States Constitution. Because the July 16 hearing complied with the Bankruptcy Rules, such a finding would require this Court to hold that the rules, themselves, are Constitutionally defective. This the Court will not do. Appellant offers no substantive support for his Constitutional challenge, and this Court can find none.

### II. ADEQUACY OF THE GROUNDS FOR REFUSING DISMISSAL

■ 11 U.S.C. § 707 states that a court may dismiss a bankruptcy petition only after notice and a hearing and only for cause. The legislative history of that section makes clear that the ability of the debtor to repay his debts does not constitute adequate cause for dismissal. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 380 (1977), S.Rep. No. 95–989, 95th Cong., 2d Sess. 94 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787.

■ Appellant has argued that 11 U.S.C. § 707 applies only to cases where a *creditor* has moved for dismissal, and so, is not controlling here. Appellant cites only one case for his position, *In re Wirick*, 3 B.R. 539 (Bkrtcy., E.D.Va.1980). However, the language in *Wirick* which construes 11 U.S.C. § 707 as applying only to applications by creditors is merely dictum. In fact, the court in *Wirick* did assume for the purposes of its decision that the section was applicable to an application by a debtor for withdrawal of his petition. The court in that case ultimately granted debtor's application, but only because no creditor objected. Here, by contrast, a creditor, United Missouri Bank, has objected. Consequently, appellant's reliance on *Wirick* is unfounded.

■ *In re Wirick* is the only reported decision which could be found to support the proposition that 11 U.S.C. § 707 may have been intended to apply only to applications for dismissal brought by creditors.

The majority of courts has assumed that the section is equally applicable where the debtor has sought dismissal. *See, e. g., In re Reynolds,* 4 B.R. 703 (Bkrtcy., D.Maine 1980); *In re Underwood,* 7 B.R. 936 (Bkrtcy., S.D.W.Va.1981); *In re Blackmon,* 3 B.R. 167 (Bkrtcy., S.D.Ohio 1980). This Court adopts that view and finds that 11 U.S.C. § 707 does apply to appellant's application for dismissal. Because appellant's application is premised solely on his enhanced ability to pay his debts, appellant has failed to show cause under that section why his petition should be dismissed. The decision of the bankruptcy judge in denying the application was therefore proper.

■ The decision of the bankruptcy judge would be upheld even if 11 U.S.C. § 707 were found not to apply here. Where a voluntary dismissal would prejudice creditors, it will ordinarily be denied. *See* L. Snider, Commencement of a Case, in Practicing Under the Bankruptcy Reform Act at 38 (Hon. G. Brody, W. Taggart, G. Lee ed. 1979). In this case the bankruptcy judge specifically found that dismissal would require extended time and forbearance on the part of the creditors, *i. e.,* that dismissal would prejudice those creditors. That finding was not clearly erroneous and must be upheld by this Court on review. Bankruptcy Rule 810; *In re Financial Corporation,* 1 B.R. 522, 525 (D.C., W.D.Mo.1979). In as much as dismissal would have prejudiced creditors, the bankruptcy judge was correct in denying appellant's application.

For the foregoing reasons, the July 22 decision of the bankruptcy judge is hereby affirmed.