**In re Patricia Rolande ST. LAURENT, Debtor.**

**Bankruptcy No. 281–00503.**

United States Bankruptcy Court, D. Maine.

Feb. 19, 1982.

Roscoe Fales, Lewiston, Me., for debtor.

Harvey J. Putterbaugh, Portland, Me., trustee.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The Debtor filed her voluntary petition on November 6, 1981. On her Schedule B–4 she claimed all of her assets as exempt.

■ Under 11 U.S.C. § 522(d) she would be permitted to exempt all of her assets. However, Maine, pursuant to 11 U.S.C. § 522(b)(1), by legislation effective September 18, 1981, specifically does not authorize use of the exemptions provided for in 11 U.S.C. § 522(d). Me.Rev.Stat.Ann. tit. 14 § 4426 (1981 Supp.).

Under the Maine Exemption Statute, in effect on the date the Debtor filed her petition, only part of her assets may be exempted, leaving assets valued at $6,100 for the estate.[1]

■ When the Debtor learned that she could not use the Federal exemption statute she filed a motion to dismiss her voluntary petition. Notice of the motion, together with a notice of the hearing thereon was mailed to all creditors and interested parties. The Trustee filed an objection to the motion and only the Trustee and the Assist-

ant United States Trustee [2] appeared at the hearing in opposition.[3]

The Court concludes that the Debtor has failed to establish cause for dismissal of her voluntary petition and that her motion to dismiss must be denied.

## DISCUSSION

■ Section 707 of the Bankruptcy Code, 11 U.S.C. § 707, provides:

DISMISSAL. The Court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors; and

(2) nonpayment of any fees and charges required under chapter 123 of title 28.

The language of Section 707 and its legislative history gives us very little guidance as to the meaning of "for cause." The legislative history does, however, make it clear that the two grounds for dismissal set out in that section are merely illustrative and the court may dismiss the case on other grounds where "cause" is shown to exist. H.R.Rep.No.95–595, 95th Cong., 1st Sess. 380 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

■ Under the old Bankruptcy Act and Bankruptcy Rule 120(a) this Court employed a policy of not dismissing a voluntary case on motion of the bankrupt unless it could be shown that the dismissal would be in the best interest of the bankrupt and the estate and that if the assets were such that a substantial dividend would be paid to creditors if the estate were administered then the case would not be dismissed. The same rule applies under the Code.

In this case it appears that a substantial dividend will be paid to unsecured creditors if the case is administered. If the case is

---

1. Asset values are as listed in the Debtor's schedules.

2. Maine is a "pilot" District within which a United States Trustee program operates. *See* 28 U.S.C. § 581(a)(1).

3. The trustee is made the representative of the estate by 11 U.S.C. § 323(a) and as such has standing to object.

dismissed there is very little prospect that creditors will receive anything. The Debtor is a college student and expects to have no income for payment of her creditors for at least three years.

■ A mistaken belief by the Debtor and her counsel, that she could retain all of her assets as exempt and receive a discharge of all her dischargeable debts, is not "cause" within the meaning and intent of Section 707 of the Bankruptcy Code. *See In re Hall,* 15 B.R. 913, Bankr.L.Rep. (CCH) ¶ 68,507 (Bkrtcy. 9th Cir. 1981).

An order will be entered denying the Debtor's motion to dismiss her voluntary petition.