**In re Patrick J. KIMBALL and Virginia Kimball, Debtors.**

**Bankruptcy Nos. 180–00034, C181–0133.**

United States Bankruptcy Court, D. Maine.

March 31, 1982.

William W. Conte, Bangor, Me., for Kimballs.

Gerald S. Cope, Portland, Me., for trustee.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

Patrick and Virginia Kimball petitioned this court to dismiss their joint Chapter 7 petition. The application was predicated on their assertion they mistakenly did not recall their prior bankruptcy proceedings[1] and inadvertently consented to a conversion of their Chapter 13 petition[2] to a Chapter 7 petition within six years of their prior bankruptcies.[3] They further ask that the petition be dismissed without prejudice so that they may refile after the necessary time has elapsed. The trustee in bankruptcy objects to the motion on the ground dismissal without prejudice would not be in the best interest of creditors.[4]

The debtors' initial Chapter 13 petition was signed by each on February 1, 1980. An amended petition was signed by each on February 14, 1980. These signatures are unsworn declarations under penalty of perjury[5] that the petitioners "have read the answers contained in the foregoing statement consisting of [blank] sheets and that they are true and correct to the best of our knowledge, information and belief."[6] Elsewhere in the petition the word "None" is stated in response to paragraph 8 of their

---

1. Patrick Kimball was granted a discharge in bankruptcy in April 1976 and Virginia Kimball, then known as Virginia Ward, was granted a discharge in bankruptcy in February 1976.

2. The debtors filed a joint Chapter 13 petition on February 1, 1980. Prior to confirmation of the proposed plan the debtors' motion to convert to a Chapter 7 was granted on December 15, 1980.

3. Debtors granted a discharge shall not be granted a discharge of their debts in a case commenced within six years before the date of the filing of the petition. 11 U.S.C. § 727(a)(8). A prior decision of this court sustained an objection to discharge filed by the trustee in bankruptcy.

4. The trustee, as representative of the estate and its creditors, has standing to object to the debtors' application. *Gill v. Hall (In re Hall)* 15 B.R. 913, 916, 8 B.C.D. 566, 568 (Bkrtcy. 9th Cir. 1981); *In re St. Laurent*, 17 B.R. 768 (Bkrtcy.D.Me.1982).

5. Declarations made in this form are dictated with the same force and effect as a sworn statement. 28 U.S.C. § 1746 (1976) (1981 supp.)

6. See debtors' petition dated February 1, 1980 and amended petition dated February 14, 1980.

Chapter 13 statement[7] which requires a statement of proceedings under the Bankruptcy Act and title 11 previously brought by or against either spouse filing a petition. The application to dismiss the Chapter 13 proceeding and adjudicate the debtors into bankruptcy, as filed on December 15, 1980, neither corrects this statement nor makes any disclosure of the prior bankruptcies of either debtor.

Omission of this fact is not denied by the debtors. Rather, they testified they did not read the schedules before signing them and neither petitioner could remember telling their attorney anything about prior discharges in bankruptcy. Their explanation for failure to read the prepared petition before signing it consisted of their reliance on the belief the attorney would do nothing which wasn't right for them. This testimony is inconsistent with their application to dismiss which asserts they mistakenly did not recall their prior bankruptcies. Their testimony was unconvincing that this was an inadvertent error.

■ The debtors' petition may be dismissed, after notice and hearing, only for cause. *In re Williams*, 15 B.R. 655, 657, 8 B.C.D. 539, 540 (Bkrtcy.E.D.Mo.1981); *Gill v. Hall (In re Hall)*, 15 B.R. 913, 916, 8 B.C.D. 566, 568 (Bkrtcy. 9th Cir. 1981); *In re Underwood*, 7 B.R. 936, 7 B.C.D. 130, 3 C.B.C.2d 640, Bankr.L.Rep. (CCH) ¶ 67,759 (Bkrtcy.S.D.W.Va.1981); *In re Reynolds*, 4 B.R. 703, 6 B.C.D. 575, 2 C.B.C.2d 505 (Bkrtcy.D.Me.1980); 11 U.S.C. § 707. If a dismissal is warranted it is usually granted without prejudice unless the bankruptcy court finds cause for denying the debtor the benefit of a discharge in a subsequent case. 2 Collier on Bankruptcy ¶ 349.01 (15th ed. 1981) at 349–2; 11 U.S.C. § 349(a).

■ The debtors have not met their burden[8] of substantiating sufficient reasons on which the court can find cause to dismiss their petition. They merely assert they want a dismissal of this petition, under which they will not receive a discharge, so that they may refile after the expiration of the six year ban and obtain a discharge from debts presently affected by this petition. This is not sufficient grounds for this court to grant a dismissal particularly under the circumstances.

■ Generally, voluntary dismissals are granted "unless dismissal will cause some plain legal prejudice to the creditors." *Schroeder v. International Airport Inn Partnership (In re International Airport Inn Partnership)*, 517 F.2d 510, 512 (9th Cir. 1975); *Gill v. Hall (In re Hall)*, 15 B.R. 913, 916, 8 B.C.D. 566, 568 (Bkrtcy. 9th Cir. 1981). It is unquestionable under the present circumstances that the debtors' creditors would suffer substantial legal prejudice if dismissal were granted. Clearing the way for the debtors to file a new petition from which they will have the opportunity to receive a discharge not only from the debts affected by this petition, but those incurred by unsuspecting creditors since their filing more than two years ago is clearly to the detriment of these creditors. Creditors subject to the present petition have been stayed from proceeding to collect monies and property due them for more than 2 years with only the reprieve that presently those debts are not dischargeable in bankruptcy. Creditors, if any, of the debtors since the date of their filing can be presumed to have assumed that position on the reliance the debtors would be ineligible for a bankruptcy discharge for at least another six years.

■ Dismissal so that another petition may be filed is not cause for a dismissal. *In re Underwood*, 7 B.R. 936, 7 B.C.D. 130, 3 C.B.C.2d 640, Bankr.L.Rep. (CCH) ¶ 67,759 (Bkrtcy.S.D.W.Va.1981); *In re Reynolds*, 4 B.R. 703, 6 B.C.D. 575, 2 C.B.C.2d 505 (Bkrtcy.D.Me.1980). *Cf. In re Williams*, 15 B.R. 655, 657, 8 B.C.D. 539, 540 (Bkrtcy.E.D. Mo.1981) (improvement in ability to pay debts insufficient for dismissal); *Gill v. Hall (In re Hall)*, 15 B.R. 913, 916, 8 B.C.D. 566, 568 (Bkrtcy. 9th Cir. 1981) (failure to

---

7. See debtors' Chapter 13 statement page 4.

8. *See In re Williams*, 15 B.R. 655, 8 B.C.D. 539 (Bkrtcy.E.D.Mo.1981).

timely file homestead declaration before filing bankruptcy petition not grounds for dismissal).

■ Even if there were cause to dismiss the petition, the court has substantial cause for subjecting such a dismissal to prejudice. Failure to wait the requisite period of time in conjunction with the false statement that there had been no previous bankruptcies or discharges cannot be condoned. Creditors would be severely prejudiced, the bankruptcy system would be exposed to a dangerous precedent, and the effect of requiring signatures confirming the veracity of the petition would become a nullity. The debtors' failure to read the petition containing the false statement before signing does not negate the falsity of the statement, the effect on creditors, and the attempt to receive the benefits of a discharge from this court when not entitled to it.

An appropriate order will be entered.