In re Randy P. PAGNOTTA and Marga-
ret R. Pagnotta a/k/a Margaret R.
Chantry, Debtors.

**Bankruptcy No. 81–2–2184.**

United States Bankruptcy Court,
D. Maryland.

Aug. 16, 1982.

Kevin Patrick O'Donnell, O'Donnell &
Williams, Towson, Md., Trustee.

David M. Lyon, Gelfman & Gelfman, P.
A., Columbia, Md., for debtors.

## ORDER DENYING DEBTORS' APPLICATION TO DISMISS

JAMES F. SCHNEIDER, Bankruptcy
Judge.

This matter came on for hearing before
the United States Bankruptcy Court for the
District of Maryland sitting at Baltimore on
June 10, 1982 upon the debtors' Application
[Paper No. 6] seeking dismissal of this case
under 11 U.S.C. § 707 (Supp. IV 1980). The
Application sets forth three reasons for the
dismissal of the instant Chapter 7 bank-
ruptcy case:

1. The debtors have decided since filing
their petition on June 30, 1981 that it
would be in their best interests not to
be discharged in bankruptcy.

2. There has been no adjudication of any
claims or objections, nor has any ob-
jection been filed with respect to the
dischargeability of any debt.

3. This bankruptcy would be a "no-asset
case" and a dismissal would neither
harm nor prejudice any creditor.

At the hearing and in his Memorandum of
Law [Paper No. 11] filed in support of the
Application, debtors' counsel indicated a
fourth reason in support of the dismissal:

4. The debtors do not want certain docu-
ments which have been requested by
the Trustee to become a part of the
public record in the bankruptcy file.

The Trustee opposes the debtors' Applica-
tion to Dismiss and has filed an Application
for Appointment of Trustee's Counsel for
the purpose of objecting to the debtors'

discharge and to recover assets for the benefit of the bankruptcy estate.

This Court has determined that the Application to Dismiss ought to be denied for the following reasons.

## DEBTORS' CHANGE OF HEART

■ The Application to Dismiss was filed on April 7, 1982, some 280 days after the debtors filed their voluntary petition in bankruptcy. In the interim they have enjoyed the benefits afforded by the Bankruptcy Code in staving off their creditors by stopping all legal proceedings against the debtors and their property. 11 U.S.C. § 362(a) (Supp. IV 1980). *See In re Poirier,* 16 B.R. 691, 695 (Bkrtcy.D.Conn.1982). Under the circumstances, a mere change of heart on the part of the debtors who now feel that it would not be in their best interests to be discharged in bankruptcy is not a sufficient reason to dismiss the instant petition. To hold otherwise would be to invite the mass dismissal and refiling of petitions at the mere whim of debtors, with the inherent prejudice to creditors. *Cf., In re Blue,* 4 B.R. 580 (Bkrtcy.D.Md.1980). It would send out the very undesirable message to the public at large that bankruptcy is something to be taken lightly, whereas the contrary is certainly true. In short, that the debtors have changed their minds is no reason to permit them to dismiss their case. The Court need not consider in this instance the propriety of the view of this, and other courts that the ability of the Debtor to repay his debts is not cause sufficient for dismissal under § 707. *See In re Williams,* 15 B.R. 655 (D.C.E.D.Mo.1981).

## LACK OF CREDITOR OBJECTIONS

■ That there have been no claims or objections to discharge filed by creditors is quite a different thing from saying that all creditors have consented to the dismissal of a bankruptcy case. This court has permitted debtors to dismiss their petitions where they have obtained the affirmative approval of such action by all creditors. Otherwise there is a substantial possibility for prejudice to creditors. Moreover, as other courts have noted, there may well be prejudice in many instances to post-petition creditors that undoubtedly extended credit in reliance upon the Debtors' fresh start. *In re Poirier,* 16 B.R. 691 (Bkrtcy.D.Conn. 1982). It is to be noted in this context that the Trustee *has* voiced his objection to the Application to Dismiss. This Court attaches great weight to the opinion of the Trustee in this regard. *In re Hall,* 15 B.R. 913, 915–16 (Bkrtcy. 9th Cir. 1981); *In re St. Laurent,* 17 B.R. 768 (Bkrtcy.D.Me. 1982). *Contra In re Jackson,* 7 B.R. 616 (Bkrtcy.E.D.Tenn.1980); *In re Wirick,* 3 B.R. 539 (Bkrtcy.E.D.Va.1980).

## "NO–ASSET CASE"

■ The status of the instant bankruptcy case as one involving no assets is in doubt at this point. The Memorandum executed by the Trustee at the section 341 meeting of creditors held on January 12, 1982 indicates that he has not been able to determine whether this is an "asset case" or not. In light of this uncertainty, the debtors' assertion that their case contains no assets for creditors must be taken with a grain of salt, particularly when consideration is given to their final reason for seeking dismissal.

## THE DEBTORS DO NOT WISH TO COMPLY WITH THE TRUSTEE'S REQUEST FOR DOCUMENTS

Without knowing precisely what documents the debtors have been requested to turn over to the Trustee which they desire to conceal, it would seem improper to permit the debtors to thwart the orderly processes of the bankruptcy court by dismissing their petition. If they dispute the relevance of such request, the Court will inquire into their objections at the proper time with all of the facts before it. To allow the debtors to dismiss their petition in order to withhold information from a Trustee who is attempting to ascertain whether assets exist for the benefit of creditors would do violence to the Bankruptcy Code and frustrate one of its essential purposes. In their attempt to dismiss this case for the last reason stated, the debtors have not come to Court with clean hands. To grant

the request would produce a manifestly inequitable result. This the Court declines to permit. Accordingly, for the reasons stated, it is this 16th day of August, 1982,

ORDERED that the debtors' Application to Dismiss [Paper No. 6] be and the same is hereby DENIED.