**In re Nick Lynn CARROLL, Rebecca Marie Carroll, Debtors.**

**Bankruptcy No. 81–00458.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Sept. 30, 1982.

Timothy C. Hamman, Lima, Ohio, for Rebecca Marie Carroll.

Quentin M. Derryberry, II, Lima, Ohio, trustee in bankruptcy.

William H. White, Lima, Ohio, for Nick Lynn Carroll.

## ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the application of Rebecca Marie Carroll (Movant), a co-debtor in this joint case filed under Chapter 7 of the Bankruptcy Code, to dismiss her voluntary petition and upon the objections thereto filed by the Trustee in Bankruptcy. It appearing to the Court that the dismissal of this case would be prejudicial to the creditors of Debtor, the Trustee's objections will be sustained.

On March 12, 1981 Movant and her husband, Nick Lynn Carroll, filed their joint petition. On June 4, 1981 Rebecca Marie Carroll moved for dismissal out of the joint petition citing the filing of a divorce action by Nick Lynn Carroll against her and the advice of newly obtained counsel that continuance of the bankruptcy case was not in her best interests. The Trustee filed a general objection to the dismissal on July 2, 1981.

This matter has been submitted to the Court upon an agreed stipulation of facts and the brief of Counsel for Movant. The Trustee has failed to submit a brief in opposition to the motion to dismiss although directed to do so by this Court's Order of April 30, 1982.

Nick Lynn Carroll and Rebecca Marie Carroll were married in 1971. In 1972 they established a joint investment program with Investors Diversified Services, Inc., ("the IDS account") and made payments therein until early 1981. Rebecca Marie Carroll worked only intermittently during their marriage and it is admitted that her spouse was the major source of contribution to the funds, an amount exceeding $8,000.00, which accumulated in the IDS account. Movant spent most of her married life maintaining the couples' home and raising their two minor children. In February 1981 the couple separated.

On March 12, 1981 the couple filed a joint petition under Chapter 7 of the Bankruptcy Code in the midst of an apparent attempt to solve their myriad marital and financial problems. Both spouses were represented at the time by the same attorney, William H. White. On March 11, 1981 Nick Lynn Carroll, while represented by attorney William H. White, filed a complaint for divorce against Rebecca Marie Carroll in the Common Pleas Court of Allen County, Ohio. The filing of the divorce action apparently precipitated Rebecca Marie Carroll's obtaining new counsel at which time the present motion to dismiss was filed.

Movant acknowledges that under 11 U.S.C. Section 707 the Court may dismiss a Chapter 7 case "only for cause" and, in the brief in support of dismissal, cites certain unspecified "misrepresentations leading to the filing of the petition", the filing of the divorce action, and the "total lack of any pre-filing exemptions planning to protect the interests of the debtor" as "cause" for granting dismissal. In a letter dated June 17, 1982, the Trustee has indicated that the thrust of his objections to the dismissal is that it would result in Movant receiving monies from the IDS account to the prejudice of their creditors. The Court's inadvertent failure to give notice of the application to dismiss has unsurprisingly resulted in no objection to the dismissal being filed by Movant's creditors, a factor rendered inconsequential by the present decision.

Preliminarily, there being no objections to dismissal of the petition by the general unsecured creditors or other parties in interest, Movant contends that the Trus-

tee has no standing to object to the dismissal other than on the grounds that his fees, costs, and expenses have not been paid. This view has found support in a small group of cases under the Bankruptcy Reform Act. *See e.g., In re Wirick,* 3 B.R. 539, 6 B.C.D. 354 (Bkrtcy.E.D.Va.1980); *In re Jackson,* 7 B.R. 616, 6 B.C.D. 1373 (Bkrtcy.E.D.Tenn.1980); *In re Richards,* 4 B.R. 85, 6 B.C.D. 762 (Bkrtcy.M.D.Fla.1980). In this Court's opinion, however, the better view is that expressed by the United States Bankruptcy Appellate Panel of the Ninth Circuit in *Gill v. Hall,* 15 B.R. 913, 8 B.C.D. 566, 5 C.B.C.2d 1028 (Bkrtcy.App. 9th Cir. 1981), that the Trustee has standing to object to dismissal notwithstanding payment of his fees, costs, and expenses. *See also In re Waldrep,* 20 B.R. 248 (Bkrtcy.W.D.Tex. 1982); *In re St. Laurent,* 17 B.R. 768 (Bkrtcy.D.Me.1982); *In re Blackmon,* 3 B.R. 167, 6 B.C.D. 66 (Bkrtcy.S.D.Ohio 1980). The Court in *Gill v. Hall* first pointed out that the cases relied upon by the Courts in *In re Wirick,* 3 B.R. 539, 6 B.C.D. 1373 and *In re Jackson,* 7 B.R. 616, 6 B.C.D. 1373, all involved circumstances in which either all the creditors had submitted their written consent to the dismissal motion or in which the trustee only objected for the purpose of receiving his fees and costs. 15 B.R. at 913, 8 B.C.D. at 567. To this the Court commented:

Where all creditors affirmatively consent to the debtors' motion to dismiss it clearly follows that the trustee only has standing to object on the grounds that his fees, costs or expenses must be paid before the case may be dismissed. However, to the extent the above cases would further limit the trustee's standing to object in all other cases, this panel holds that the intent of the Bankruptcy Reform Act is better served by granting the trustee a more expanded role in the dismissal process.

*Id.* The Court then noted that among the essential duties of the trustee enumerated in Section 704 of the Code was the duty to "collect and reduce to money the property of the estate for which such trustee serves, and close up such estate as expeditiously as is compatible with the best interests of parties in interest" found in Section 704(1) and concluded that although "[t]his section does not provide the trustee with the duty to object to the debtors' motion to dismiss . . . [it] may be inferred from his duty to collect and reduce to money property of the estate." *Id.* More importantly, the Court cited the report of the Commission On The Bankruptcy Laws of the United States, see H.R.Doc. No. 93–137, 93rd Cong., 1st Sess., Pt. I and II (1973), dealing with the issue of bankruptcy administration and its conclusion that many abuses had occurred under the Bankruptcy Act of 1898 because the theory underlying the administrative structure of the Act, that of creditor control, had broken down. The Court concluded:

Given that the Bankruptcy Reform Act was in part promulgated to remedy the breakdown in creditor control this panel is of the opinion that it is the trustee who must bring to the court any possible arguments on behalf of unsecured creditors. After all it is the trustee who represents the estate and its creditors in determining what lawsuits, if any, should be brought on behalf of the estate. See 11 U.S.C. Section 323. The Trustee is also better suited to weigh all the factors which might be relevant to whether a dismissal should be allowed. Where a small unsecured creditor may fail to recognize the ramifications of a dismissal motion the trustee will be able to protect that creditor's interest. Unless the creditor affirmatively consents to the dismissal the trustee will have standing to object on that creditor's behalf.

15 B.R. at 916, 8 B.C.D. at 568. This Court agrees both with the reasoning expressed in *Gill v. Hall* and its conclusion that, absent the affirmative creditor's consent to dismissal, the Trustee will have standing to object in that creditor's behalf. This view is supported by Section 323(a)'s designation of the trustee as the representative of the estate. *See In re St. Laurent,* 17 B.R. 768, 769 n. 3 (Bkrtcy.D.Me.1982).

■ Given the standing of the trustee to object to dismissal, the Court next address-

es the propriety of considering a voluntary motion to dismiss under 11 U.S.C. Section 707. Although the view has been expressed that Section 707 may have been intended to apply only to applications for dismissal brought by creditors and not voluntary dismissals sought by debtors, see *In re Wolfe,* 12 B.R. 686, 4 C.B.C.2d 555 (Bkrtcy.S.D.Ohio 1981); *In re Wirick,* 3 B.R. 539, 6 B.C.D. 354 (Bkrtcy.E.D.Va.1980), the majority view is that Section 707 is equally applicable where the debtor has sought dismissal, *see In re Williams,* 15 B.R. 655, 8 B.C.D. 539 (E.D.Mo. 1981), a view with which this Court is in agreement.

■ 11 U.S.C. Section 707 deals with dismissal of a liquidation case under the Bankruptcy Code as follows:

> The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors; and
>
> (2) nonpayment of any fees and charges required under chapter 123, of title 28.

The legislative history of this section makes it clear that the "causes" for dismissal listed are not exhaustive, but merely illustrative. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 380 (1977), S.Rep. No. 95–989, 95th Cong., 2d Sess. 94 (1978); U.S.Code & Admin.News 1978, pg. 5787. In addition, the ability of the debtor to repay his debts in whole or part, however, does not constitute adequate cause for dismissal since to allow dismissal on that ground would be to enact a non-uniform mandatory Chapter 13, in lieu of liquidation. *Id.*

■ The grant or denial of a voluntary motion to dismiss rests within the sound discretion of the court and is reversible only for an abuse of discretion. *Gill v. Hall,* 15 B.R. 913, 917, 8 B.C.D. 566, 568 (Bkrtcy.App. 9th Cir.1981). Furthermore, a voluntary dismissal will normally be denied where it will cause some plain legal prejudice to the debtor's creditors. *Hammerer v. Internal Revenue Service,* 18 B.R. 524, 525 (Bkrtcy. E.D.Wis.1982); *Gill v. Hall,* 15 B.R. at 917, 8 B.C.D. at 568; *see also In re Williams,* 15

B.R. 655, 658, 8 B.C.D. 539, 540 (E.D.Mo. 1981).

Dismissal in the present case may cause substantial prejudice to the Movant's creditors. First, Movant claims a property interest in one-half of the $8,607.19 accumulated in the couples' IDS account. From the "Application for Plan Certificate" which formed the basis for the establishment of the IDS account it is apparent the account was established as joint tenancy with the right of survivorship. The language in the "Application for Plan Certificate" provides that:

> Registration in joint tenancy is intended to complete a gift of any contribution by either applicant in excess of his (her) pro rata share of the price and represents agreement that ownership be in such form.

Thus, to the extent the payments made to the IDS account were made from earnings which were the property of Movant's spouse, an *inter vivos* gift was effected which would result in one-half of the money in the account becoming property of Movant's estate pursuant to 11 U.S.C. Section 541. Although on June 7, 1982 Movant filed an amendment to her schedule B–4 exemptions claiming one-half of the IDS account as exempt under Ohio law the Trustee filed *objections thereto* on June 8, 1982. The question of the Movant's entitlement to claim one-half of the IDS account as exempt will be the subject of further determination by this Court. At the present time, however, the possibility exists that the IDS account could provide substantial cash dividends to Movant's creditors which amounts could be rapidly dissipated and lost if turned over to Movant as a result of dismissal to the substantial prejudice of her creditors. Also, the potential exists for transformation of the IDS money into exempt property.

■ Further, potential prejudice to Movant's creditors exists when considering the effects of a dismissal and a subsequent refiling. The memorandum in support of the application to dismiss cites the "total lack of any pre-filing exemption planning

to protect the interest of the debtor" as "cause" for dismissal. In addition to the possible transformation of the IDS account into exempt property the possibility exists that other property of the debtor's estate which might result in a distribution to her unsecured creditors could be lost through dismissal. Also, it is apparent that one of the reasons for Movant's motion to dismiss is her dissatisfaction with her homestead exemption being limited to the property she occupied on the date of the filing of the petition and her apparent desire to "transfer" that exemption to other real property the couple held as tenants in common. The Court cannot find adequate "cause" for dismissal in Movant's desire to take her homestead exemption in other property. Dismissal for the purpose of refiling is not cause for dismissal. *In re Kimball,* 19 B.R. 300, 302 (Bkrtcy.D.Me.1982). Both these properties are currently the subject of a "Complaint to Sell Real Property" brought by the Trustee under 11 U.S.C. Section 363 presumably on the theory that there exists some equity in the property for unsecured creditors. To allow dismissal and refiling to perfect a homestead exemption under these circumstances would result in further delay to Movant's creditors. Further, even if Movant's intent is not to refile, delay to creditors could result, presuming the Trustee's continued interest to sell the property, from the fact that the Trustee would be forced to meet the requirements of Section 363(h) relating to sale of property in which both the estate and a co-owner hold an interest.

In sum, it is the conclusion of this Court that dismissal of this case would cause substantial prejudice to the Movant's creditors. The Trustee has taken actions to diligently administer and liquidate potentially substantial assets for the benefit of creditors. Dismissal at this point would certainly delay, if not totally defeat any possible recovery by the creditors who have already been held at bay by the automatic stay of Section 362 for nearly a year and half since the filing of the petition on March 12, 1981. Any lack of adequate pre-bankruptcy exemption planning or other developments that, in retrospect, makes the filing of the petition seem improvident are not, in this Court's opinion, adequate "cause" for dismissal under the circumstances of this case.

For the foregoing reasons, it is hereby

ORDERED that the application of Rebecca Marie Carroll to dismiss her voluntary Chapter 7 petition be, and hereby is, denied.