732 F.2d 1211
 10 Collier Bankr.Cas.2d 828, 11 Bankr.Ct.Dec. 1278,
Bankr. L. Rep. P 69,854
 Marceita A. PENICK a/k/a Marceita A. Brown and Marceita B.
Penick, Appellee,
v.
Douglas O. TICE, Jr., Appellant.
In re Marceita A. PENICK a/k/a Marceita A. Brown and
Marceita B. Penick, Debtor.
Director and Counsel, Executive Office for U.S. Trustees,
U.S. Dept. of Justice, Amicus Curiae.
Antoinette Flanagan SCARBOROUGH, Appellee,
v.
Douglas O. TICE, Jr., Appellant,
Director and Counsel, Executive Office for U.S. Trustees,
U.S. Dept. of Justice, Amicus Curiae.
In re Antoinette Flanagan SCARBOROUGH, Debtor.
 Nos. 82-1883(L), 82-1884.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 6, 1983.
Decided April 26, 1984.
 
 Douglas O. Tice, Jr., Richmond, Va. (Francis, Hubard & Tice, Richmond, Va., on brief), for appellant.
 Roland D. Ealey, Richmond, Va., for appellees.
 Before MURNAGHAN, ERVIN and CHAPMAN, Circuit Judges.
 CHAPMAN, Circuit Judge:
 
 
 1
 The Chapter 7 bankruptcy cases[1] of Marceita A. Penick and Antoinette F. Scarborough present identical issues and have been consolidated for this appeal. The bankruptcy court granted each debtor's application for voluntary dismissal on the grounds that no creditors objected and the trustee in bankruptcy had standing to object only for the purpose of insuring that he was paid his reasonable fees and expenses. The decisions of the bankruptcy judge were affirmed by the district court. Douglas O. Tice, Jr., trustee, seeks reversal of both decisions below on the grounds that the trustee in bankruptcy has standing to object to the voluntary dismissal of a debtor's Chapter 7 petition, and the bankruptcy court abused its discretion in dismissing the Chapter 7 petitions. We agree and remand.
 
 
 2
 * On November 30, 1981, Penick and Scarborough filed Chapter 7 bankruptcy petitions in the Richmond Division of the United States Bankruptcy Court for the Eastern District of Virginia. They were represented by the same attorney. The petitions revealed that each debtor owned an automobile which was claimed exempt. The petitions further indicated that neither debtor was entitled to receive any tax refunds. Each case was noticed to creditors as a no-asset case.
 
 
 3
 Both debtors failed to file homestead deeds prior to filing their Chapter 7 petitions. The trustee filed an objection to the Scarborough automobile exemption based on that debtor's failure to perfect the exemption by filing a homestead deed prior to filing the Chapter 7 petition. The trustee did not file a similar objection to the Penick automobile exemption.
 
 
 4
 Subsequent to the 11 U.S.C. Sec. 341 creditors meetings in the two cases, the debtors filed applications seeking dismissal of each of the Chapter 7 petitions. The clerk of the bankruptcy court issued a notice of hearing on each application to all of the debtors' creditors, although the creditors were not informed that assets had been discovered which might be available for the payment of a dividend to creditors in the event the motions to dismiss were denied.
 
 
 5
 No creditors appeared or objected or affirmatively consented to either dismissal. The trustee appeared at the hearings and objected to dismissal in both cases. The trustee argued he had standing to object based on a recent decision of the bankruptcy appellate panel of the Ninth Circuit, In re Hall, 15 B.R. 913, 8 B.C.D. 566 (Bkrtcy App. 9th Cir.1981). The trustee based his objection to both dismissals on the grounds that, absent the dismissal, it was likely that assets would be available for distribution to unsecured creditors because of the debtors' failure to exempt tax refunds and, in the case of Scarborough, to properly perfect the right to exempt an automobile.
 
 
 6
 The bankruptcy court declined to accept the argument of the trustee, and chose instead to grant the voluntary dismissal petitions. Following a practice established in the Richmond bankruptcy court in In re Wirick, 3 B.R. 539, 6 B.C.D. 354 (Bkrtcy.E.D.Va.1980), the judge denied the trustee standing to object on the basis of prejudice to creditors in the absence of objection by a creditor.
 
 
 7
 On June 9, 1982 debtor Penick filed a second Chapter 7 petition with the Bankruptcy Court in Richmond in which she properly exempted state and federal tax refunds.
 
 II
 
 8
 The sole issue to be addressed is whether the trustee has standing to object to the applications for voluntary dismissal filed by the debtors. The court in In re Wirick, supra, on which the bankruptcy court below relied, sought to limit the ability of the trustee to object to the debtor's motion to dismiss a bankruptcy only for the purpose of securing his costs and expenses.[2] In In re Wirick, the debtor moved to dismiss his case for the purpose of refiling after recording a homestead deed which his attorney had neglected to timely record. The debtor also intended to include an additional creditor in his schedules. Notice of the hearing which was held on the petition to dismiss was sent to the debtor's creditors, but no creditor appeared or objected to the petition. The trustee argued against the dismissal. The court held that the trustee had standing to object only for the purpose of insuring that his fees, costs, and expenses were paid prior to the dismissal. Id., 3 B.R. at 542.
 
 
 9
 Courts which have addressed this issue since In re Wirick have almost universally declined to follow the rationale of the In re Wirick decision. E.g. In re Hall, 15 B.R. 913, 8 B.C.D. 566 (Bkrtcy.App. 9th Cir.1981); In re Pagnotta, 22 B.R. 521, 9 B.C.D. 600 (Bkrtcy.D.Md.1982); In re Ross, 21 B.R. 5 (Bkrtcy.E.D.N.Y.1982); In re Waldrep, 20 B.R. 248, 9 B.C.D. 194 (Bkrtcy.W.D.Tex.1982); In re Kimball, 19 B.R. 300 (Bkrtcy.D.Maine 1982); In re St. Laurent, 17 B.R. 768 (Bkrtcy.D.Maine 1982); In re Myers, 17 B.R. 410 (Bkrtcy.E.D.Calif.1982); In re Kapsos, 18 B.R. 88 (Bkrtcy.S.D.Fla.1982). In re Blackmon, 3 B.R. 167, 6 B.C.D. 66 (Bkrtcy.Ct.S.D.Ohio 1980). In re Carroll, 24 B.R. 83 (Bkrtcy.N.D.Ohio 1982). Contra, In re Wolfe, supra. With the exception of In re Wolfe, the above cited cases are in agreement that a Chapter 7 trustee has standing to object to dismissal on behalf of unsecured creditors who have not affirmatively consented to the dismissal.
 
 
 10
 As pointed out in In re Hall, the holding in In re Wirick is not supported by the cases cited therein. In expressly rejecting the limits imposed on the trustee's power by both In re Wirick, supra, and In re Jackson, supra, the Ninth Circuit panel stated:
 
 
 11
 The court in both cases relied heavily on the law stated in In re Lavine, supra, In re Riordan, supra, and In re Salaberry, supra. In both In re Riordan, supra, and In re Lavine, supra, all creditors of the debtor had submitted their written consent to the dismissal motion. In In re Salaberry, supra, the trustee only objected for the purpose of securing his fees and costs. Where all creditors affirmatively consent to the debtors' motion to dismiss it clearly follows that the trustee only has standing to object on the grounds that his fees, costs or expenses must be paid before the case may be dismissed. However, to the extent the above cases would further limit the trustee's standing to object in all other cases, this panel holds that the intent of the Bankruptcy Reform Act is better served by granting the trustee a more expanded role in the dismissal process.
 
 
 12
 In re Hall, 15 B.R. at 915.
 
 
 13
 The court in Wirick also relied on 3 W. Laube & W. Hill, Collier on Bankruptcy, Sec. 59.34[2.2] at 660-61 (14th ed. Supp.1979) in support of its holding. That comment provides:
 
 
 14
 The trustee is entitled to notice so that he may intervene and obtain, prior to the dismissal, reimbursement, or adequate security for any expenses he might have incurred in the course of his administration of the bankrupt's property. Until this is accomplished, the dismissal will be denied. But aside from these matters it is doubtful whether a trustee could successfully object to the proposed dismissal where the bankrupt and all of the creditors consent. (emphasis added).
 
 
 15
 That commentator expressed doubt whether an objection by a trustee would be successful in preventing dismissal in the face of the consent of all the creditors. However, no creditors either consented or opposed the dismissal in the instant case, and there is authority in this circuit for the proposition that failure to oppose a dismissal does not constitute consent. In re Pagnotta, 22 B.R. 521, 9 B.C.D. 600 (Bkrtcy.D.Md.1982). Contra, In re Wirick (citing In re Sig H. Rosenblatt & Company, 193 F. 638, 641 (2nd Cir.1912)).
 
 
 16
 Since the holding in In re Wirick is not supported by the authority cited therein, and is inconsistent with the majority rule set forth in such cases as In re Hall, 15 B.R. 913 (Bankr.App. 9th Cir.1981), we reject the rule set forth in In re Wirick, that the Chapter 7 trustee has standing to object to the debtor's dismissal only for the purpose of insuring that his own fees and costs are paid prior to dismissal. We agree with the court in In re Hall that "the intent of the Bankruptcy Reform Act is better served by granting the trustee a more expanded role in the dismissal process." Id., 15 B.R. at 915.
 
 
 17
 No provision in the Bankruptcy Reform Act of 1978 (Bankruptcy Code) specifically addresses whether a trustee may or may not participate in a dismissal proceeding. Section 707 of the Bankruptcy Reform Act merely provides:
 
 
 18
 The court may dismiss a case under this chapter only after notice and a hearing and only for cause including(1) unreasonable delay by the debtor that is prejudicial to creditors; and
 
 
 19
 (2) nonpayment of any fees and charges required under Chapter 123 of Title 28.
 
 
 20
 Section 704 of the Bankruptcy Code, 11 U.S.C. Sec. 704, describes the duties of the trustee. This section does not expressly provide the trustee with the duty to object to a debtor's motion to dismiss. However, as pointed out in In re Hall, 15 B.R. at 915, that duty may be inferred from the language of Sec. 704(1), which provides the trustee with the duty to:
 
 
 21
 (1) collect and reduce to money the property of the estate for which such trustee serves, and close up such estate as expeditiously as is compatible with the best interests of parties in interest.
 
 
 22
 11 U.S.C. Sec. 704(1).
 
 
 23
 In addition, some courts have granted the trustee standing on the basis of 11 U.S.C. Sec. 323, which makes the trustee the representative of the estate and gives him the capacity to sue and be sued. In re Hall, supra; In re St. Laurent, supra; In re Ross, supra; In re Kimball, supra.
 
 
 24
 As pointed out in In re Hall, supra, the strongest support for the trustee's position lies with some of the fundamental purposes behind the Bankruptcy Reform Act. In re Hall, 15 B.R. at 916. The panel in In re Hall cited a report filed in 1973 by the Commission On The Bankruptcy Laws of the United States. Id. at 916. In the report the Commission concluded that the theory of creditor control underlying the administrative structure of the Bankruptcy Act had failed in practical terms, because in small and no-asset cases creditors were unwilling to pursue bankrupt debtors. The Commission also concluded that where creditors had not supervised administration this task had been shifted to the courts. The panel noted Congressional concern that judges under the Act were overly involved in both the judicial and administrative aspects of bankruptcy. This concern is reflected in both the provisions relative to the U.S. Trustee system and Sec. 102(1) relative to notice and hearing procedures, which were intended to pull the judge out of the administrative process. In re Hall, 15 B.R. at 916. The panel concluded:
 
 
 25
 Given that the Bankruptcy Reform Act was in part promulgated to remedy the breakdown in creditor control this panel is of the opinion that it is the trustee who must bring to the court any possible arguments on behalf of unsecured creditors. After all it is the trustee who represents the estate and its creditors in determining what lawsuits, if any, should be brought on behalf of the estate. See 11 U.S.C. Sec. 323. The trustee is also better suited to weigh all the factors which might be relevant to whether a dismissal should be allowed. Where a small unsecured creditor may fail to recognize the ramifications of a dismissal motion the trustee will be able to protect that creditor's interest. Unless the creditor affirmatively consents to the dismissal the trustee will have standing to object on that creditor's behalf.
 
 
 26
 Id. at 916. We agree with the court in In re Hall that the fundamental purposes behind the Bankruptcy Reform Act are best served by permitting the trustee standing to object on behalf of unsecured creditors who do not affirmatively consent to the dismissal.
 
 
 27
 Our holding that the trustee has standing to object to the dismissal does not in itself mandate denial of the applications for voluntary dismissal. The trustee's objection is only one factor to be considered by the bankruptcy judge in exercising his discretion as to the matter of dismissal.
 
 
 28
 REVERSED AND REMANDED.
 
 
 
 [1]
 Chapter 7 of the Bankruptcy Code, 11 U.S.C. Sec. 701, et seq
 
 
 [2]
 The following cases similarly limit the trustee's standing: In re Jackson, 7 B.R. 616, 6 B.C.D. 1373 (Bkrtcy E.D.Tenn.1980); In re Underwood, 7 B.R. 936, 7 B.C.D. 130 (Bkrtcy.S.D.W.Va.1981) (limits rule in Wirick, supra, to cases where there has been proper notice); In re Wolfe, 12 B.R. 686 (Bkrtcy.S.D.Ohio, 1981). See also, In re Riordan, 95 F.2d 454 (7th Cir.1938); In re Lavine, 20 F.Supp. 362 (D.C.N.Y.1937); In re Salaberry, 107 F. 95 (D.C.Cal.1901)