**In re William D. PAYNE, Debtor.**

**Bankruptcy No. 99–5–3894–JS.**

United States Bankruptcy Court,
D. Maryland,
at Baltimore.

June 28, 1999.

Russell T. Potee, Jr., Glen Burnie, MD, for debtor.

Thomas D. Renda, Siskind, Grady, Rosen & Hoover, P.A., Baltimore, MD, for creditor, Saul Holdings Limited Partnership.

Joel I. Sher, Shapiro and Olander, Baltimore, MD, Chapter 7 Trustee.

### ORDER DENYING DEBTOR'S MOTION FOR VOLUNTARY DISMISSAL

JANES F. SCHNEIDER, Bankruptcy Judge.

The Chapter 7 debtor filed the instant voluntary bankruptcy petition on March 4, 1999, and filed the instant motion to dismiss [P. 10] on May 24, 1999. The grounds for the motion are that "the debtor no longer requires the protection of the automatic stay," and "the debtor has made satisfactory arrangements with the creditors to resolve his financial distress."

However, one creditor in the case with whom the debtor has not made "satisfactory arrangements," Saul Holdings Limited Partnership, filed an objection [P. 14]. The objection stated that at the commencement of the case, the debtor scheduled certain property as exempt, to which the creditor objected, but the creditor now believes that the debtor has transferred some of the property and placed the proceeds in the hands of an accountant. Saul has been unable to locate the funds. A meeting of creditors has been held, but the Chapter 7 trustee has not yet determined whether the case is one with assets permitting a distribution to be made to creditors. This matter came on for hearing and oral argument before the undersigned on June 25, 1999.

Chapter 7 should not be a revolving door. The Court notes that there is pending litigation between the debtor and the objector that was stayed by the filing of this case. The debtor waited until this case had been in the bankruptcy court for two months before moving to dismiss it. The filing and dismissal of this Chapter 7 case affects the progress of that litigation. Following the dismissal of this case, the

debtor would be free to refile another case in the bankruptcy court, causing further delay with respect to this creditor realizing on its claim. In one sense, his change of heart came too late, after the creditor filed an objection to exemptions and began to learn that certain scheduled assets were allegedly missing. In addition, this creditor's objection indicates that the debtor's assertion that "the debtor has made satisfactory arrangements with the creditors to resolve his financial distress," as stated in his motion, is not wholly true, at least with respect to Saul.

In the case of *In re Pagnotta*, 22 B.R. 521 (Bankr.D.Md.1982), this Court held that Chapter 7 debtors should not be able to voluntarily dismiss their cases based upon "a mere change of heart," without the affirmative consent of all creditors, and especially not where the Chapter 7 trustee, who was seeking documents from the debtors, objected to the dismissal of their case. In the instant case, the trustee has neither objected nor consented to the debtor's motion to dismiss. Nevertheless, the Court finds that because the trustee's investigation into the debtor's assets has not yet been concluded and that allegations of impropriety regarding the debtor's disposition of property have not been answered, the objection filed by the creditor is well-taken. Relying upon its decision in *In re Pagnotta, supra,* the Court will deny the debtor's motion to dismiss.

MOTION DENIED.

SO ORDERED.