**In re David JOHNSON d/b/a Hurricane Harbor, Debtor.**

**Bankruptcy No. 82–01965–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

March 31, 1983.

Daniel Bakst, West Palm Beach, Fla., Trustee.

Angus Campbell, West Palm Beach, Fla., for creditor.

Gary Zwickel, Lake Worth, Fla., for debtor.

## CONVERSION ORDER

THOMAS C. BRITTON, Bankruptcy Judge.

A creditor's motion to convert this chapter 11 case to chapter 7 together with the debtor's motion for voluntary dismissal, were heard on March 29. A trustee had been appointed after the motions, but two weeks before the hearing.

The debtor argues that a case should be dismissed where the creditors will have speedy and adequate relief in the state court. *Matter of Oak Winds,* Bkrtcy.M.D. Fla.1980, 4 B.R. 528, 531. I do not disagree. However, that is not the situation here.

The debtor operated a restaurant. He obtained the benefit of the automatic stay on October 12, 1982, forestalling the landlord's eviction proceeding. Rent continues to accrue. Taxes and insurance have gone unpaid. There is not the slightest prospect of rehabilitation. The debtor has remained in possession, because the landlord was slow to react, until the landlord moved for a trustee on March 3.

If the case is dismissed, the trustee will be eliminated. The debtor will regain possession. More bills will accrue. This will continue for three months, because it will take the landlord that long to get a hearing before the state court judge. In the meantime, the debtor can continue to operate at the expense of his creditors.

If the case is converted, the trustee will close the operation at once.

In this instance, as is frequently the case, the state court remedy is neither speedy nor adequate. The landlord, whose state remedy was interrupted by the automatic stay, ought not now be denied the prompt remedy available here. The bankruptcy code is not designed solely for the benefit of debtors.

The case is converted to chapter 7. Daniel Bakst, remains as trustee. Bond is waived.