**In re Ruth Dickson MARTIN.**

**Bankruptcy No. 82–02147–3.**

United States Bankruptcy Court,
E.D. North Carolina.

May 19, 1983.

David H. Rogers, Raleigh, N.C., for defendant.

R.W. Day, Jr., Raleigh, N.C., for Thomas J. Geary, Jr.

Robert H. Bartelt, Fayetteville, N.C., for trustee.

## ORDER DENYING DEBTOR'S MOTION TO DISMISS

A. THOMAS SMALL, Bankruptcy Judge.

This cause is before the Court upon the Debtor's motion pursuant to 11 U.S.C. § 707 for dismissal of her voluntary chapter 7 bankruptcy case. A hearing was held in Raleigh, North Carolina, on May 16, 1983.

### FACTS

The Debtor filed her voluntary chapter 7 petition on November 1, 1982. Her bankruptcy Schedules reflect no priority claims, no secured claims and three unsecured claims totaling $220,632.03. The only assets listed in the Schedules include "wearing apparel, jewelry, firearms, sports equipment, and other personal possessions" valued at $300.00.

The Debtor's Statement of Affairs shows that the Debtor is the Defendant in two lawsuits brought by Liberty National Bank, one in the Superior Court of Cumberland County, North Carolina, and one in the Superior Court of New Jersey for Bergen County. The Statement of Affairs also shows the Debtor to be a Defendant in a lawsuit brought by Thomas J. Geary, Jr., ("Geary"), seeking a judgment of $38,290.00 in the Superior Court of Cumberland County, North Carolina. Geary appeared through counsel at the hearing on May 16, 1983, and objected to the Debtor's motion to dismiss.

The Debtor resides in North Carolina but, according to her Statement of Affairs, was a resident of New Jersey within six years immediately preceding the filing of her bankruptcy petition. The Debtor is a licensed real estate broker in North Carolina.

On December 27, 1982, shortly after the Debtor's 341 meeting of December 21, 1982,

Geary applied to this Court for an order pursuant to Bankruptcy Rule 205 for Geary, Liberty National Bank, and the Trustee to examine the Debtor. On the same date Bankruptcy Judge Thomas M. Moore entered an order for the examination of the Debtor on January 4, 1983, in Raleigh, North Carolina, at the law offices of Geary's attorney. At the request of Geary, a subpoena was also issued on December 27, 1982, by the Bankruptcy Clerk, commanding the Debtor to produce on January 4, 1983, certain documents including the Debtor's tax returns for the previous three years, information concerning life insurance policies insuring the life of the Debtor's deceased husband, and the books and records of two North Carolina corporations and one New Jersey corporation.

By motion dated January 4, 1983, filed on January 6, 1983, the Debtor moved to dismiss her voluntary petition. The grounds for dismissal set forth in the Debtor's Motion for Order of Dismissal are that the Debtor

was improperly advised by her previous attorney of record regarding the ramifications and consequences of a filing of a petition for personal bankruptcy under the U.S. Bankruptcy Code, that said attorney made no inquiry or investigation whatsoever regarding Debtor's personal and financial affairs prior to advising her to file the petition in bankruptcy, that Debtor signed the bankruptcy petition and other papers unwittingly and without understanding of what she was doing, that said petition for bankruptcy was filed by the said attorney to the personal and financial detriment of the Debtor, and that upon more careful consideration and fuller knowledge of the legal and financial effect of bankruptcy proceedings Debtor now wishes and intends to withdraw her said petition for liquidation under Chapter 7 of the Bankruptcy Code.

The Debtor testified that the bankruptcy was her attorney's idea, that she does not remember discussing her financial condition with him, that he did not explain to her the effects of bankruptcy, that after reviewing

summaries of the information, she signed blank bankruptcy Schedules, that she did not understand the effects of the bankruptcy, that she was under stress at the time she filed the bankruptcy petition, that she has not incurred debts since the filing of the petition, that she now wishes to avoid the stigma of bankruptcy and that she does not intend to refile for bankruptcy relief.

After the death of her husband in March of 1980, the Debtor suffered severe depression. In January, 1982, after twelve months of weekly psychotherapy, the Debtor received electric shock therapy and her depressed condition greatly improved. The Debtor has continued to receive psychiatric care and in June of 1982 was treated for anxiety.

Although the Debtor was under the care of a psychiatrist, there is no allegation and no convincing evidence that she was mentally incompetent when the petition was filed.

The Debtor acknowledged that a document dated June 26, 1975, and purporting to be a financial statement of the Debtor and her deceased husband, appears to bear her signature. Reflected in the statement were assets of $1,288,375.00 including real estate located in New Jersey valued at $812,000.00. The financial statement also listed life insurance policies in the aggregate face amount of $1,100,000.00, with "spouse & children" shown as beneficiaries. The Debtor also testified that in 1975 she and her husband had assets worth approximately $800,000.00.

## CONCLUSIONS

■ A debtor in chapter 7 is not automatically entitled to dismiss his voluntary petition. A person who files a bankruptcy petition not only invokes the protection of the Court but also assumes the responsibilities imposed by bankruptcy law. Among these responsibilities are the duty to account for the disposition of assets and the obligation to submit to examination by the Trustee and creditors. A debtor may not avoid these responsibilities by asking that the bankruptcy case be withdrawn. Per-

mitting that would be to allow the debtor to control the bankruptcy process—to use the bankruptcy court as a haven so long as it is convenient and to flee from it whenever scrutiny by creditors becomes uncomfortable. Surely the purpose of the bankruptcy law is otherwise. To allow routine dismissals "would send out the very undesireable message to the public at large that bankruptcy is something to be taken lightly, whereas the contrary is certainly true." *In re Pagnotta*, 22 B.R. 521, 522 (Bkrtcy.D.Md. 1982).

■ Under 11 U.S.C. § 707, the Court may dismiss a case under chapter 7 *only* after notice and a hearing and *only* for cause. Moreover, "where a voluntary dismissal would prejudice creditors, it will ordinarily be denied." *In re Williams*, 15 B.R. 655, 658 (EDMo.1981); *In re Hall*, 15 B.R. 913 (Bkrtcy.App. 9 Cir.1981); *In re Halverson*, 6 B.C.D. 241 (WDWis.1980); *In re Reynolds*, 4 B.R. 703, 6 B.C.D. 575 (Bkrtcy. DMe.1980); *In re Underwood*, 24 B.R. 570, 9 B.C.D. 1229 (DCSDW.V.1981); *In re Blackmon*, 3 B.R. 167, 6 B.C.D. 66 (Bkrtcy.SDOh. 1980); and *In re Harvell*, 3 B.R. 339 (Bkrtcy.EDN.C.1980) (Chapter XI).

In this case, the Debtor argues that the creditors will not be prejudiced by a dismissal because they will be free to pursue their rights and remedies against the Debtor in state court.

■ While neither the 1975 financial statement nor the testimony of the Debtor concerning the $800,000.00 in assets that her husband and she owned in 1975 establishes whether or not there exists, or ever existed, property available for creditors, the creditors are certainly entitled to pursue that inquiry. That is what Geary was attempting to do when the Debtor filed her motion to dismiss this case.

The Debtor contends that the creditors' search for potential assets can be conducted as easily in a state court proceeding as it can in this bankruptcy case. On the contrary, the bankruptcy court, with its national jurisdiction, provides a more convenient and expedient forum to scrutinize transfers

of potential assets that may have occurred in a state (New Jersey) other than the state in which the Debtor resides (North Carolina). Even if there were no possibility of an interstate inquiry, the delay and added costs involved in the pursuit of their state court discovery rights would constitute prejudice to creditors. *In re Williams,* 15 B.R. 655 (EDMo.1981).

If the Debtor did not fully understand the effect of her bankruptcy filing, that is regrettable. Still, she was not mentally incompetent at the time of her petition, and she was represented by counsel. Furthermore, the Debtor's reasons for a dismissal do not outweigh the prejudice that would result to her creditors.

Accordingly, the Debtor's motion to dismiss her chapter 7 petition is hereby DENIED.