**In re Ann Pearl BANKS, Debtor.**

**Bankruptcy No. 83–A–0602.**

United States Bankruptcy Court,
D. Maryland.

Nov. 15, 1983.

---

Arnold Popkin, Suitland, Md., for debtor.

Brian Barkley, trustee of the estate.

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

This matter is before the court upon the motion of the debtor, Ann P. Banks, to dismiss the Chapter 7 proceeding filed by her on April 21, 1983.

Debtor seeks this relief because this case was filed improvidently. She filed a previous bankruptcy petition on May 5, 1978, and received a discharge on January 15, 1979. She is ineligible therefore to receive a discharge pursuant to 11 U.S.C. 727(a)(8) with respect to any case commenced within six years before the date of the filing of the petition. Debtor's counsel explains that his client has been under enormous pressure, and that the fact of the earlier petition simply slipped her mind.

Because this is a Chapter 7 proceeding, no revolving door in and out of the bankruptcy court is available like the route provided the Chapter 13 debtor under § 1307(b) to dismiss a case at any time. In the absence of a statute requiring meaningful payments under Chapter 13, the distinction between the standards for dismissal of Chapter 7 and Chapter 13 is difficult to appreciate. While the Code requires dismissal on demand under Chapter 13, the road is rockier for those wanting out of Chapter 7 cases. Generally, if creditors are prejudiced in any respect by the dismissal or if the trustee has acquired funds for distribution, the request by the debtor for dismissal should be denied. Otherwise, the court would invite possible abuse of the bankruptcy system by debtors. For example, upon receipt of notice of bankruptcy, many creditors simply transfer debtors' accounts to inactive status and write off the account out of fear of contempt proceedings, out of frustration, or for both reasons. In Chapter 13 proceedings this reaction is apparent from the number of creditors who do not file claims even where some distribution is promised. *Matter of Halverson,* 6 BCD 241 (BC W.D. Wis.1980) (Consent of creditors required where case dismissal entails potential detriment to them); *Matter of Williams,* 15 B.R. 655, 8 BCD 539 (D.C.E.D.Mo.1981) (Debtor now able to pay debts, but dismissal would prejudice creditors by requiring extended time and forebearance); *In re Reynolds,* 4 B.R. 703, 6 BCD 575, 2 BCD 575, 2 CBC 2d 505 (Bkrtcy.Me.1980) (Additional debt incurred since filing of original petition is not cause for dismissal and refiling).

Numerous cases place substantial barriers in the way of a Chapter 7 debtor desiring to dismiss his or her proceeding. The debtor must show cause why he wishes to dismiss, and obviously the dismissal

should not work any prejudice to any creditor. The fact that no creditor appears at the hearing on the motion for dismissal is inconclusive. Furthermore, postpetition creditors may exist who granted credit and then find themselves listed in another petition filed at a later date when the debtor would be eligible for discharge.

While the trustee in this case has not filed any objection, he is not aware of any postpetition creditors whose rights may be affected. Although this court must dismiss Chapter 13 proceedings on request of debtors, Chapter 13 and Chapter 7 differ enormously in that respect. Chapter 13 debtors have the absolute right to obtain such dismissal unless the case had been converted to Chapter 13 from Chapter 7 or Chapter 11. 3 Norton Bankr L & Prac § 70:05 (1981). 11 U.S.C. § 1307(b) compels this result:

§ 1307. *Conversion or dismissal*

  \*   \*   \*   \*   \*   \*

(b) On request of the debtor at any time if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

Dismissal under Chapter 7 is governed by 11 U.S.C. § 707. Section 707 provides:

§ 707. *Dismissal*

The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors; and

(2) nonpayment of any fees and charges required under chapter 123 of title 28.

The present request for dismissal may be distinguished from debtors' request for dismissal of their Chapter 7 petition in the case of *In re Pagnotta,* 22 B.R. 521 (Bkrtcy. Md.1982). The debtors in *Pagnotta* professed a change of heart on their part and nothing else. In addition, the trustee had demanded certain documents in connection with the administration of the estate that the debtors did not wish to turn over. The trustee in *Pagnotta* required these documents to ascertain whether there would have been any distribution to creditors. Debtors attempted to thwart that effort on the part of the trustee by having the case dismissed. Their application was denied.

In *Matter of Bryant,* 28 B.R. 362, 10 BCD 485 (Bkrtcy.N.D.Ind.1983), the bankruptcy court found that all creditors had not affirmatively consented to the requested dismissal, even though no creditor objected by the time of the hearing on the motion to dismiss. The court found no cause for the dismissal. In *Bryant,* the trustee was holding funds to be distributed to creditors. Clearly, the creditors would be prejudiced if the case were dismissed because the creditors would have no assurance that they would receive any payment from the money already collected.

Finally, in the case of *In re Underwood,* 24 B.R. 570, 9 BCD 1229 (D.C.S.D.W.Va. 1982), Judge Copenhaver found that a requested dismissal without notice to postpetition creditors was a clear denial of due process. Although a postpetition tort claimant would be the party most affected by the proposed dismissal, such a claimant received no notice. The court also found no good cause and found that the debtor was attempting to get two, not one, fresh starts.

■ At this time, the court will not enter an order dismissing the case. The denial of debtor's application will be without prejudice, and the court will look upon a second application more favorably provided that no creditors are prejudiced, that the debtor acts promptly, and that the debtor complies with two requirements.

First, the debtor should draft a notice to all creditors which gives notice of the proposed dismissal, a brief statement of the cause, notification of the hearing date, and a statement advising them that if they fail to file a written objection with the clerk of this court within 30 days after the notice, the court may grant the relief requested. Second, the debtor should file a statement, under oath, which identifies all postpetition creditors and notifies them of her application.

An order will be entered in accordance with this opinion.