**In re James Edmund MacDONALD, Jr., Debtor.**

**Bankruptcy No. 86–02012.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Feb. 3, 1987.

which objections have been filed by creditors, MWP, Inc. and Calvin and Rita Chasteen, and upon creditor MWP, Inc.'s motion for change of venue to Rhode Island or Massachusetts. Upon consideration of the evidence adduced at the hearing and the stipulations and oral arguments of the parties, the court finds that Debtor's motion to dismiss his case is not well taken and should be denied and that creditor MWP, Inc.'s motion is well taken and should be granted transferring this case to Massachusetts.

## FACTS

On September 18, 1986, Debtor filed his voluntary chapter 7 petition in bankruptcy. Debtor listed on his petition, assets valued at $1,050 and liabilities of unsecured creditors in the amount of $4,075,000. Debtor testified that he initiated his bankruptcy case as a result of a previously pending lawsuit in Texas. He indicated that the legal fees involved in defending that suit were beyond his financial ability. Because that suit has, since the filing of Debtor's petition, settled, Debtor filed the instant motion seeking dismissal of his bankruptcy case.

Debtor testified that he is presently acting as, and has been since 1982, a consultant to Tartan Machinery & Mfg. Co., Inc., (Tartan) a Massachusetts corporation, owned by his children. In this capacity, although Debtor receives no salary, 100% of Debtor's living expenses are paid by Tartan, including unlimited use of numerous credit cards. Tartan also furnishes Debtor with an apartment in North Adams, Massachusetts, rent free. Before working for Tartan, Debtor was president, from 1975 to 1982, of Berkshire Cable T.V. Co., Inc., a Massachusetts corporation. Debtor testified that, since 1983, he has been spending the majority of his time in Massachusetts working for Tartan. Debtor testified that he comes to a residence owned by his children in Lima, Ohio, in this district, about once a month.

Steven L. Diller, Van Wert, Ohio, for debtor.

Thomas J. Schank, Toledo, Ohio, for Chasteens.

William Scott O'Brien, Findlay, Ohio, Trustee.

Peter J. Furness, Providence, R.I., for MWP, Inc.

**OPINION AND ORDER DENYING MOTION TO DISMISS AND GRANTING CHANGE OF VENUE**

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

These matters came on to be heard upon Debtor's motion to dismiss his case to

## DISCUSSION

Consideration of the two motions merit separate analysis as follows.

## 256

### Motion to Dismiss

■■■■ 11 U.S.C. § 707 governs dismissal of a chapter 7 case and states:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause....

It is evident that a Debtor under chapter 7 may not automatically dismiss his case. *In Re Martin*, 30 B.R. 24 (Bkrtcy.E.D.N.C. 1983). *See also Matter of Blackmon*, 3 B.R. 167, 1 C.B.C.2d 604, 6 B.C.D. 66, (Bkrtcy.S.D.Ohio 1980). Rather, Debtor must show cause why dismissal is justified. *Blackmon, supra. See also In Re Heatley*, 51 B.R. 518 (Bkrtcy.E.D.Penn.1985); *In Re Mathis Insurance Agency, Inc.*, 50 B.R. 482 (Bkrtcy.E.D.Ark.1985). In determining a proper dismissal, the court must consider the interests of Debtor and creditors. *In Re Schwartz*, 58 B.R. 923, 14 C.B.C.2d 586 (Bkrtcy.S.D.N.Y.1986); *In Re Heatley, supra*. Debtor's interest lies in securing a fresh start while creditor's interest concerns the prejudice and delay encountered in pursuing its claim. *Schwartz*, 58 B.R. at 925; *Martin*, 30 B.R. at 26 (deny voluntary dismissal where prejudice to creditors results); *Mathis Insurance Agency*, 50 B.R. at 486 (dismissal is improper if prejudice to creditors results); *In Re Waldrep*, 20 B.R. 248, 9 B.C.D. 194 (Bkrtcy.W.D.Texas 1982) (dismissal would cause prejudice to creditors due to further delay); *In Re Hall*, 15 B.R. 913, 5 C.B.C.2d 1028, 8 B.C.D. 566 (B.A.P. 9th Cir.1981) (dismissal will cause some plain legal prejudice to creditors).

Dismissal of a Debtor's petition may be prejudicial to creditors as the creditors will now be forced to pursue their claims in state court. Such a remedy, forestalled as a result of the bankruptcy petition, may not now be speedy or adequate. *In Re Johnson*, 29 B.R. 136 (Bkrtcy.S.D.Flor. 1983); *Mathis Insurance Agency*, 50 B.R. at 487 (dismissal would require extended time and forebearance for creditors in collection of their claims); *Martin*, 30 B.R. at 27 (added costs and delay in pursuing claim in state court is prejudicial to creditors).

■■■■ Additionally, granting a chapter 7 Debtor's motion to dismiss represents an abuse of the bankruptcy code where Debtor has filed only to obtain the protection of the automatic stay. *Martin*, 30 B.R. at 26. A Debtor who has invoked the protection of the bankruptcy code must also assume the responsibilities attendant to this protection, including accounting for assets and completing schedules in good faith. *Mathis Insurance Agency*, 50 B.R. at 487. Also, Debtor may not engage in questionable or fraudulent conduct and then dismiss his case once such conduct is discovered. *Matter of Jennings*, 31 B.R. 378 (Bkrtcy.S.D.Ohio 1983); *Martin, supra*.

In *In Re Klein*, 39 B.R. 530 (Bkrtcy.E.D. N.Y.1984), Debtor sought dismissal of his chapter 7 case. The court stated that dismissal of Debtor's case would not only prove prejudicial to creditors as a result of delay but would also implicitly sanction an abuse of the bankruptcy process. *Id.* at 533. The trustee opposed Debtor's dismissal indicating that Debtor had failed to schedule certain business interests. The *Klein* court concluded that "Debtor's motivation in failing to list assets was questionable if not fraudulent, and constitutes an additional basis for finding prejudice to a party in interest." *Id.*

■■■ Debtor, in the instant situation, testified that the singular reason for his motion to dismiss is the settlement of a previously pending lawsuit in Texas. This "cause" when balanced against the other interests to be considered by the court does not constitute cause justifying dismissal. The scheduled liabilities, omitting the Texas creditor, far exceed the scheduled assets. Debtor's interest in effecting a fresh start upon dismissal of his case does not appear possible. Debtor's interest, therefore, weighs against dismissal of his case.

The creditors' interests also weigh against dismissal. The two objecting creditors represent creditors having unsecured claims as a result of pending state court litigation. Debtor testified that he would not voluntarily pay creditor MWP, Inc., a judgment creditor in the amount of $75,000, and that he considers creditor Chasteen's cause of action for $3,000,000 meritless. (MWP, Inc.'s judgment has been af-

firmed by the Supreme Court of the State of Rhode Island, Case No. 84–365A. *See* MWP, Inc.'s Memorandum in Opposition to Debtor's Motion to Dismiss at 1.) Both creditors would, obviously, be forced to pursue their claims in state court. This remedy may not now be speedy or adequate due to the delay experienced as a result of Debtor's petition.

Because Debtor has obtained the protection of the bankruptcy court and the benefit of the automatic stay, he now must perform his duties under the bankruptcy code by fully and accurately completing his bankruptcy schedules. While Debtor lists his clothing and a watch as his only assets, testimony at the hearing indicates that other assets may be available. Debtor has established a trust for the benefit of his wife and children, which trust was not scheduled. Additionally, Debtor is a beneficiary under a trust established by his wife. The creditors challenge the validity of these trusts and seek further information regarding benefits derived by Debtor under the trusts' terms. Debtor has in his possession, in Massachusetts, a piece of recording equipment which was not scheduled. Furthermore, on June 30, 1986, Debtor transferred an Aero 681 Commander Aircraft which he held in his name allegedly as a fiduciary, to a corporation. This transaction was not included in Debtor's statement of affairs under question 12. Debtor listed $300 in his checking account, yet defendant's bank statement shows a balance of $650 as of September 23, 1986, with an average balance for that month of $5,000. Debtor also testified that he received a loan from his wife within the past year, yet he failed to list her as a creditor. Debtor also failed to schedule his interest in other business enterprises carried on in the last six years. It is evident from these omissions that Debtor has failed to accurately complete his schedules. These omissions were also brought out at the 341 meeting of creditors and amended schedules were requested by the trustee, which were never filed. Because both Debtor's and creditors' interests weigh against dismissal and because Debtor has failed to accurately complete or amend his sched-

ules, cause justifying dismissal of Debtor's chapter 7 case does not exist. The court finds, then, that Debtor's motion to dismiss is not well taken and should be denied.

*Motion for Change of Venue*

28 U.S.C. § 1408 outlines the considerations insuring proper venue of a bankruptcy petition and states in pertinent part:

> . . . a case under Title 11 may commence in the district court for the district—(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the 180 days immediately preceding such commencement, or for a longer portion of such 180 day period than the domicile, residence, or principal place of business in the United States, or principal asset in the United States, of such person where located in any other district.

28 U.S.C. § 157 allows for referral to the bankruptcy judge of all cases under Title 11. The alternative tests, then, for determining venue under § 1408(1) are domicile, residence, principal place of business or principal assets. 1 *Collier on Bankruptcy* ¶ 3.02, 3–99 (15th ed. 1986). The relevant time period for this determination is 180 days immediately preceding, or the greater portion thereof, the filing of the petition. *Id.*

Domicile refers to "that place where a man has his true, fixed, and permanent home and principal establishment, and to which whenever he is absent he has the intention of returning." Black's Law Dictionary 435 (5th ed. 1979). Although Debtor stated that his domicile is Ohio, he further testified that he contemplated retiring to Canada. Debtor's domicile is not, then, Ohio. Debtor testified that he has been spending the majority of his time in Massachusetts and has been working for Massachusetts corporations since 1975. His residence appears, then, to be Massachusetts. Debtor's principal place of business to date has been in Massachusetts where he worked for Berkshire Cable T.V. Co. and, since 1983, Tartan Machinery. Debtor's

principal assets are listed as his clothing and a watch. Debtor testified that he has clothing in Ohio and Massachusetts and recording equipment in Massachusetts. Because Debtor's residence, principal place of business and property is Massachusetts, notwithstanding his claim to domicile in Ohio, this case would be more economically and efficiently administered in Massachusetts.

The fifth circuit in *Matter of Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239, 1247 (5th Cir.1979), *cert. denied* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980), set forth five factors for evaluation of a convenient venue, as follows:

1. proximity of creditors of every kind to the court;
2. proximity of debtor to the court;
3. proximity to the court of witnesses necessary to administration of the estate;
4. location of the assets;
5. economic and efficient administration of the estate.

Pursuant to testimony, Debtor has only two creditors. These creditors are from Ohio and Rhode Island. Debtor's testimony indicates that he spends the majority of his time in Massachusetts. The witnesses necessary to proper administration of this estate would appear to include Debtor and his family, who reside in Massachusetts and Rhode Island. Members of Debtor's family are officers of the various corporations which represent potential assets available to Debtor's estate. Location of corporate officials, who would be potential witnesses, is an important consideration in determining venue. *See In Re Coalfield Development, Inc.*, 56 B.R. 201 (Bkrtcy.W.D. Va.1986). While Debtor's petition fails to list all the potential assets available for Debtor's estate, Debtor's testimony would seem to indicate that many of these assets are located in Massachusetts. In conclusion, then, it appears that the economic and efficient administration of Debtor's estate would be Massachusetts.

28 U.S.C. § 1412 authorizes a district court to transfer a case under Title 11 "to a district court for another district, in the interest of justice or for the convenience of the parties." Bankruptcy Rule 1014 sets forth the procedure for obtaining a transfer. That is, on timely motion of a party in interest and after hearing, the court may transfer the case "to any other district if the court determines that the ... transfer is for the convenience of the parties and witnesses in the interest of justice." Bankruptcy Rule 1014(a)(2).

As previously discussed, Debtor resides, has his property and conducts business in Massachusetts. Potential witnesses regarding Debtor's financial affairs include his family. These people reside in Massachusetts and Rhode Island, according to Debtor's testimony. For the convenience of these individuals and in the interest of justice, Debtor's estate would be more economically and efficiently administered in Massachusetts. Any inconvenience to either of the two scheduled creditors is outweighed by benefits to be gained by administering this case in the district of Massachusetts. The court finds, then, that creditor MWP, Inc.'s motion to transfer to Massachusetts is well taken and should be granted.

In light of the foregoing, it is therefore

ORDERED that Debtor's motion to dismiss his case be, and it hereby is, denied. It is further

ORDERED that creditor, MWP, Inc.'s motion to transfer this case to Massachusetts be, and it hereby is, granted. It is further

ORDERED that this case and all proceedings filed herein be, and they hereby are, transferred to the United States District Court for the District of Massachusetts.