**In re Raymond J. BRANISEL and Deborah N. Branisel, aka Deborah Nicholl, aka Deborah N. Linck, Debtors.**

**Bankruptcy No. B90–01026.**

United States Bankruptcy Court, N.D. Ohio, E.D.

July 25, 1991.

Thomas Pavlik, Cleveland, Ohio, for debtors.

Richard Baumgart, Cleveland, Ohio, Trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

In this case, Deborah N. Branisel (Co-debtor) seeks a dismissal of her Chapter 7 case under § 707(a) in order to refile and seek a discharge of certain medical bills incurred post-petition. Upon review of the pleadings, arguments of counsel, and the record, generally, the motion is denied based upon the following findings and conclusions:

On March 9, 1990, Raymond and Deborah Branisel (the Debtors) filed a joint voluntary Chapter 7 petition. Subsequently, Mrs. Branisel suffered a serious illness requiring extensive hospitalization and incurred substantial medical bills. She now seeks a voluntary dismissal of her case pursuant to § 707(a) of the Bankruptcy Code. Upon dismissal, Mrs. Branisel intends to file an individual Chapter 7 petition which will include the hospital bills incurred during the pendency of the present joint petition.

In resolving this matter, the Court must determine whether a voluntary dismissal of a petition is allowable solely for the purpose of refiling to obtain a discharge of a postpetition debt. The dismissal of a case filed under Chapter 7 is governed by § 707 of the Bankruptcy Code which provides:

§ 707. Dismissal. (a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors; and

(2) nonpayment of any fees or charges required under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee. [11 U.S.C. § 707(a)]

The Court must consider both the debtor's and creditor's interests to determine if a dismissal is proper. *In re MacDonald*, 73 B.R. 254, 256 (Bankr.N.D.Ohio 1987) (*citing, In re Schwartz*, 58 B.R. 923 (Bankr. S.D.N.Y.1986)). A debtor is concerned with a fresh start, while the creditor is

concerned with prejudice and delay in pursuing its claim. *MacDonald, supra,* at 256. Under § 727 of the Bankruptcy Code, it is noted:

§ 727. Discharge.

(a) The court shall grant a discharge, unless—

(8) the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14,371 or 476 of the Bankruptcy Act, in a case commenced within six years before the date or filing the petition;

(b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter.... [11 U.S.C. § 727]

■ The Ninth Circuit created a test for voluntary dismissals by holding that "Unless dismissal will cause some plain legal prejudice to the creditors, it normally will be proper." *In re Hall,* 15 B.R. 913, 917 (9th Cir.BAP 1981). An important question is whether the creditor will be prejudiced. Dismissal for the sole purpose of refiling is not sufficient cause for dismissal. *In re Carroll,* 24 B.R. 83, 87 (N.D.Ohio, W.D.1982) (*citing, In re Kimball,* 19 B.R. 300, 302 (Bankr.Me.1982). In *Carroll,* the dismissal was not allowed because of the potential prejudice to the debtor's creditors.

In a matter similar to the present matter, a debtor moved for a dismissal of his Chapter 7 case based on medical expenses incurred postpetition. *In re Ronald Allen,* Slip Opinion Lexis, Case # 85 A–00372 (Utah, C.D.1986). That Court held that dismissal based on medical expenses incurred postpetition does not establish cause for dismissal. The Court opined that to allow dismissal and a subsequent refiling would circumvent the purpose of the bankruptcy code and establish a dangerous

precedent that would lead to abuses. *Allen,* (citing *In re Reynolds,* 4 B.R. 703, 704 (D.Me.1980)). This Court concurs.

According to § 707(a), notice and a hearing is required for dismissal upon good cause being shown. In the case at bar, it is apparent that the hospital has not been made aware of the attempted dismissal. The hospital, without due notice, would be prejudiced by having a debt discharged that was incurred postpetition. To allow a dismissal in the present matter could cause abuses of the Bankruptcy Code, by allowing debtors to file and refile as continuous postpetition debts are incurred.

■ Section 727(b) of the Bankruptcy Code only allows for prepetition debts to be discharged. Section 727(a)(8) of the Bankruptcy Code, however, will not allow debts to be discharged if a discharge has been obtained within the previous six years. The Debtor's subject hospital bills are postpetition claims, not prepetition claims addressed by § 727(b). Permitting the Debtor to dismiss her case only to refile would circumvent the legislative purpose of § 727(a)(8). Allowing a petition refiling to obtain a discharge of a prior postpetition debt would circumvent the purpose of § 727(a)(8) and would lead to abusive practices. The purpose of the Bankruptcy Code is to allow debtors to receive a fresh start. *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). A fresh start does not allow the Debtor to abridge or subvert the letter or spirit of the Bankruptcy Code. As stated above, § 707(a) of the Bankruptcy Code requires dismissal to be based on cause. At bar, the Debtor has failed to demonstrate a justifiable cause for dismissal of her case.

Accordingly, the Debtor's motion for dismissal is hereby denied.

IT IS SO ORDERED.