**In re Jack and Christine SHEETS, Debtors.**

**Bankruptcy No. 93–33217.**

United States Bankruptcy Court, N.D. Ohio, Western Division.

Oct. 13, 1994.

Edward Snyder, Holland, OH, for debtors.

John J. Hunter, Trustee, Toledo, OH.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Debtors' Motion for Leave to Dismiss and the Trustee's Objection. A Hearing was held, and the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. Both parties also filed Post-Hearing Memoranda. The Court has reviewed the arguments of Counsel, exhibits, relevant statutory and case law, as well as the entire record. Based upon that review and for the following reasons, this Court finds that the Debtors' Motion to Dismiss should be Denied.

### FACTS

Jack and Christine Sheets (hereafter "Debtors") filed for relief pursuant to Chap-

ter 7 of the Bankruptcy Code on November 10, 1993. On April 28, 1994, the Debtors filed a Motion for Leave to Dismiss their bankruptcy action. In support of this motion Debtors argue that they filed bankruptcy as the only option to prevent judgment creditors from obtaining liens against their home. Debtors now intend to surrender the property, and no longer desire the protection of the automatic stay. Rather, Debtors contend that they should be allowed to dismiss this bankruptcy action so that they may subsequently refile their petition including new post-petition debts. The post-petition debts pertain to medical expenses not completely covered by their medical insurance. Debtors wish to refile under Chapter 7 at a later time, after the medical expenses are "controlled." Debtors further claim that because this is a "no-asset" case, creditors will not be prejudiced.

The Trustee of the bankruptcy estate, John J. Hunter (hereafter "Trustee"), opposes the motion to dismiss. The Trustee argues that the Debtors have availed themselves to the protection of the Bankruptcy Code and the benefits of the Stay, and thus should not be allowed to discharge debts incurred post-petition.

### LAW

**Bankruptcy Rule 1017**

(a) **Voluntary Dismissal; Dismissal for Want of Prosecution or Other Cause.** Except as provided in §§ 707(b), 1208(b), and 1307(b) of the Code, a case shall not be dismissed on motion of the petitioner or for want of prosecution or other cause or by consent of the parties prior to a hearing on notice as provided in Rule 2002.

**11 U.S.C. § 707**

**§ 707. Dismissal.**

(b) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

### DISCUSSION

■ The sole issue presented in this case is whether the Court, at the request of the Debtors, can dismiss a case so that Debtors can discharge post-petition debts by subsequently refiling for relief under Chapter 7 of the Bankruptcy Code. Since this issue is a matter concerning the administration of the estate, it is a Core Proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). This Court has jurisdiction over the subject matter and parties hereto pursuant to 28 U.S.C. § 1334.

■ Although not specifically provided in the Bankruptcy Code § 707, the case law is clear that the debtor can move for dismissal of a voluntarily filed case. *In re Mathis,* 50 B.R. 482, 486 (Bankr.E.D.Ark.1985); *In re MacDonald,* 73 B.R. 254, (Bankr.N.D.Ohio 1987); *In re Compston,* 161 B.R. 636 (Bankr. N.D.Ohio 1993). However, a Chapter 7 debtor does not have an absolute right to dismissal of his case. *Id.* Rather, a debtor must show why a dismissal is justified. *MacDonald* at 256. To grant or deny the voluntary Motion to Dismiss rests within the sound discretion of the Bankruptcy Court. *In re Klein,* 39 B.R. 530, 532 (Bankr. E.D.N.Y.1984); *In re Martin,* 30 B.R. 24, 26 (Bankr.E.D.N.C.1983).

■ The court in *In re Klein* has stated the law regarding debtor's voluntary dismissal:

[B]ankruptcy rule 1017(a) makes clear that a motion by a petitioner, which in a voluntary case in the debtor himself, must be predicated upon "cause" and may only be granted after notice and a hearing. Thus, the rule embodies the substantive elements of § 707 and further clarifies the scope of § 707 to include within its purview an application by a voluntary debtor.

\*    \*    \*    \*    \*    \*

The prevailing view holds that a voluntary Chapter 7 debtor is entitled to dis-

missal of his case so long as such dismissal will cause no prejudice to interested parties. 39 B.R. at 532. (citations omitted). Thus, in order for debtor's motion to dismiss to be granted, the debtor must show adequate "cause" per § 707, and that such dismissal will cause no prejudice to creditors.

The present case is very similar to another case decided by this Court, *In re Compston*, 161 B.R. 636 (Bankr.N.D.Ohio 1993). In *Compston*, the debtors sought permission to dismiss their case without prejudice for the sole purpose of refiling to include post-petition debts arising from an automobile accident. This Court gave four reasons why the debtor's motion should be denied. First, provisions of the Bankruptcy Code are circumvented, violating the limitation Congress places on Chapter 7 relief. *Id.* at 638. These provisions pertain to the timing of a *singular* filing of the bankruptcy petition, and have significant legal consequences upon the substantive rights of the parties. As this Court noted, "Stays are issued; the accrual of interest on certain claims is terminated; an estate is created; a Trustee is appointed; and certain debts are discharged." *Id.* at 638. Allowing a debtor to dismiss and refile invites substantial abuse of the Bankruptcy system, as well as frustrates the intent of Congress of a "fresh start" through the discharge of *past* indebtedness.

The second reason espoused in *Compston* dealt with lack of notice provided to creditors in that case. *Id.* Though this Court finds in the case herein that adequate notice was given to creditors, this Court does not feel that such notice completely rectifies the frustration potentially caused to creditors from the filing in and out of bankruptcy protection. As noted by the court in *In re Banks*, 35 B.R. 59 (Bankr.D.Md.1983):

> [U]pon receipt of notice of bankruptcy, many creditors simply transfer debtor's accounts to inactive status and write off the account out of fear of contempt proceedings, out of frustration, or for both reasons. Id. at 60.

This result is true any time bankruptcy is filed. Letting debtors file in and out of bankruptcy can operate as an effective tool for dodging and frustrating creditors. Further, it cannot be argued that allowing new creditors to share in the debtor's estate does not prejudice the original creditors as well as drive up the administrative costs that can largely consume the assets of many individual debtor Chapter 7 cases.

The third reason espoused in *Compston* was that § 707 and Bankruptcy Rule 1017 requires that a voluntary dismissal be granted upon a showing of "cause". *Compston* at 638. This Court was unwilling in that case to hold that allowing a debtor to dismiss the case so that he could refile, and in so doing add additional creditors, constitutes "cause". This Court is similarly unwilling to do so now. There is seldom a time when any debtor stops acquiring new debt in some form. The Bankruptcy Code contemplates that a singular point in time, the date of the filing of the bankruptcy petition, is to be used to define the bankruptcy estate and the debts that are to be discharged. Simply put, it has to stop sometime. There will always be additional debts, and Congress has chosen to only allow the benefits of a Chapter 7 discharge once every six years. Allowing debtor to add additional creditors undermines the fundamental precept of the bankruptcy system.

Finally, this Court noted in *Compston* that the debtor is not without recourse. Even after the grant of a Chapter 7 discharge, the debtor is still free to file for Chapter 13 reorganization. *Id.* This alternative seems especially appropriate in the present case where the debtor will be free of past debts which will be discharged in the Chapter 7 case. The Debtors could manageably make payments on any medical expenses that exceed medical insurance coverage in a Chapter 13 reorganization, need that be necessary.

This Court also finds that allowing debtor to dismiss and refile solely for the purpose of adding additional creditors will cause prejudice to creditors. Even in what appears to be "no asset" case, there is always the possibility that new assets will be discovered. In such a case, the interests of pre-petition creditors will be diluted by the interests of post-petition creditors. As noted by the court in *Banks,* the fact that no creditors appeared at the hearing on the motion to

dismiss is inconclusive. 35 B.R. at 61. Further, post-petition creditors will also be prejudiced. As the court in *Banks* continued:

> [P]ost petition creditors may exist who granted credit and then find themselves listed in another petition filed at a later date when the debtor would be eligible for discharge. *Id.*

For the foregoing reasons, the debtor's Motion to Dismiss will be denied. In reaching the conclusion found herein, the Court has considered all of the evidence and arguments of counsel, regardless of whether they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that the Debtors' Motion to Dismiss Case be, and is hereby, *DENIED.*