In re Jeffery R. BARNETTE, Debtor.

No. 03–38720.

United States Bankruptcy Court, N.D. Ohio.

April 14, 2004.

Robert Brennen Blackwell, Findlay, OH, for debtor.

### *DECISION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

Before this Court is the Debtor's Motion to Dismiss his pending Chapter 7 bankruptcy case and the Trustee's Objection thereto. On March 9, 2004, a hearing was held on the Debtor's Motion at which time the Court deferred ruling so as to afford time to give the matter further consideration and research. The Court has now had this opportunity, and for the reasons set forth below, finds that the Debtor's Motion should be Denied.

On the October 29, 2003, the Debtor filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. At the time he filed for bankruptcy, the Debtor owed back taxes to the IRS. On January 12, 2004, the Debtor received a letter from his tax attorney concerning a possible compromise of his tax obligations. The substance of this letter provided:

> Please be advised that the Internal Revenue Service cannot review an Offer in Compromise if you file Bankruptcy [see Form 656, Item 8(k)]. Therefore if you file Bankruptcy while your offer in Compromise is pending, the Internal Reve-

nue Service will return your Offer with no right to appeal.

Unfortunately, if you file Bankruptcy our office will not be able to work on your tax matter and will be left with no alternative but to withdraw our Power of Attorney and resign as your counsel. However, if you are considering Bankruptcy, you may file bankruptcy once your Offer in Compromise has been formally concluded.

(Doc. No. 12, attachment).

Based upon the contents of this letter, the Debtor filed the instant Motion to Dismiss, noting in his Motion that after dismissal he would be refiling at a later date. (Doc. No. 12). After filing this Motion, but before the time of the Hearing, the Trustee filed a report setting forth that the Debtor's estate had no assets available for distribution. (Doc. No. 17).

### DISCUSSION

■ There is a presumption that once commenced, a Chapter 7 bankruptcy will proceed until the case is fully administered. Reflected in this policy is the rule that, unlike a Chapter 13 bankruptcy, an individual debtor has no right to dismiss a case commenced under Chapter 7 of the Bankruptcy Code. *In re Blackmon*, 3 B.R. 167, 169 (Bankr.S.D.Ohio 1980). Implementing this policy decision is § 707(a) of the Bankruptcy Code which conditions a dismissal of a Chapter 7 bankruptcy on the existence of "cause." As taken from the relevant language of § 707(a): "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause, including . . ."

As is the case with § 707(a), relief in many instances throughout the Bankruptcy Code is conditioned upon the existence of."cause." *See, e.g.,* 11 U.S.C. §§ 1112(b); 1307(c). Although nowhere defined, the Code will in many instances deem "cause"

to exist under certain specified circumstances. *See, Id.* Section 707(a) is no exception, setting forth three grounds for dismissal: (1) unreasonable delay by the debtor that is prejudicial to the creditors; (2) nonpayment of required fees and charges; and (3) failure by the debtor to file certain required information.

■ The very context of these grounds, however, only apply when a nondebtor is the moving party, and thus such examples are not applicable in this particular case. Still, and as is typical throughout the Bankruptcy Code, when a movant's relief is conditioned upon the existence of "cause," the three grounds for dismissal set forth in § 707(a) are nonexclusive, being preceded in the statute by the word "including" which the Bankruptcy Code defines as "not limiting[.]" 11 U.S.C. § 102(3). Thus, a debtor is not necessarily prohibited from maintaining a § 707(a) actions to dismiss. *In re Sheets*, 174 B.R. 254, 256 (Bankr.N.D.Ohio 1994).

■ All the same, the use of the word "cause," no matter the context, necessarily envisions that a certain minimum threshold be met. As for the necessary threshold, the statutory principle of *ejusdem generis* holds that the "meaning of an ambiguous term may be determined by reference to other terms accompanying it in the statute" *McDow v. Smith*, 295 B.R. 69, 74 (E.D.Va.2003). In applying this principle to the conditions enumerated in § 707(a), as well as to those other contexts in the Bankruptcy Code in which examples of "cause" are provided, this general conclusion can be drawn: The minimum threshold for "cause" under § 707(a) requires a showing that a legitimate bankruptcy purpose be served by the dismissal. Also, going one step further, it follows that, based upon § 707(a)'s utilization of the permissive word "may," the existence of a

proper bankruptcy purpose must be weighed in light and the extent to which other legitimate bankruptcy goals would be served by the case continuing.

■ Turning now to the instant case, the Debtor's Motion to Dismiss is premised upon a single argument: his need to compromise a tax obligation. (Doc. No. 12). Based upon the above discussion, implicit in the Debtor's position is that without a dismissal, a major policy goal of the Bankruptcy Code—specifically, the goal of providing a debtor with a fresh start[1]— would be diluted.

■ On first appearance, there does exist a degree of congruity with the Debtor's position when it is considered that tax debts are generally not dischargeable in bankruptcy. *See,* 11 U.S.C. § 523(a)(1). Moreover, given that no assets from the Debtor's bankruptcy estate are available for distribution, this significant countervailing consideration is also minimized. *In re Maixner,* 288 B.R. 815, 817 (8th Cir. BAP 2003). (even if cause for dismissal exists, dismissal should be denied if there is any showing of prejudice to creditors). Nevertheless, the burden is on the Debtor, as the moving party, to establish the existence of "cause" for dismissal. *In re Simmons,* 200 F.3d 738, 743 (11th Cir.2000). And in this regard, the Court finds a fatal weakness with the Debtor's reasoning: It presumes that if instead of being dismissed, his case proceeds to discharge, and thereafter is fully administered and closed, his ability to compromise his tax obligations with the IRS will be extinguished. Such a position is neither supported by law or the terms of the letter on which the Debtor bases his Motion to Dismiss.

■ Section 7122 of the Internal Revenue Code provides that the IRS may establish procedures to compromise tax claims. Under this grant of authority, the IRS has promulgated regulations setting forth the conditions under which a taxpayer's obligation may be compromised. 26 C.F.R. § 301.7122–1. In brief these grounds are, (1) dispute over liability, (2) inability to pay, and (3) exceptional circumstances demonstrating that relief should be provided. *Id.* Contrary, however, to the Debtor's position, nothing in these regulations, or for that matter § 7122, suggests that a taxpayer is barred from compromising a tax obligation with the IRS solely as the result of a prior bankruptcy. Simply put, a prior bankruptcy filing will not interfere with a taxpayer's substantive right to put forth an offer in compromise as permitted under 26 U.S.C. § 7122.

This is not, however, to say that a debtor's pending bankruptcy will not have an impact on an offer in compromise; it definitely will. To start with, the automatic stay of 11 U.S.C. § 362(a), while in effect, will prevent the IRS from entering into any such agreement. In addition, in evaluating whether a tax obligation should be compromised, the IRS may consider the amount of debt held by the taxpayer. 26 C.F.R. § 301.7122–1. Thus, if a bankruptcy discharge frees up income that was otherwise devoted to the repayment of unsecured debts, a taxpayer may become ineligible to compromise a tax obligation. *Id.* Such effects, however, are indirect, and thus, as it concerns an offer in compromise with the IRS, do not change the basic premise that once filed, there is no substantive difference between a dismissal and allowing a case to proceed through until final administration. Illustrating this

---

**1.** The Supreme Court of the United States has often noted that a "fresh-start" is at the core of federal bankruptcy law. *BFP v. Resolution*

*Trust Corp.,* 511 U.S. 531, 563, 114 S.Ct. 1757, 1774, 128 L.Ed.2d 556 (1994).

position, are the forms and instructions that accompany a motion in compromise.

To start with, the publication put out by the IRS for making an offer in compromise states that a taxpayer is ineligible for consideration if they are "involved in an *open* bankruptcy proceeding." (emphasis added). In addition, as part of its eligibility checklist, the application worksheet asks, "Are you *currently* in bankruptcy?"(emphasis added). Likewise, in the application itself it is asked, whether a bankruptcy has ever been filed, and if so, the date of the filing and discharge. IRS Form 433–A. Therefore, while recognizing the impact of bankruptcy law, none of these statements even remotely suggests that a bankruptcy forever bars a taxpayer from compromising a tax obligation under § 7122.

Putting things together then, there is no question the Debtor is temporarily barred from entering into an offer in compromise with the IRS. At the same time, nothing would suggest that after his case is fully administered and closed, the Debtor will be ineligible to seek an offer in compromise with the IRS. The letter written by the Debtor's tax attorney simply reinforces this point by indicating that once a bankruptcy case is filed, the IRS cannot consider a pending motion to compromise.

■ Consequently, other than possibly hastening the process for compromising his tax obligation, there is no tangible benefit for the Debtor to have his case dismissed, as opposed to being fully administered. In this regard, it should be noted that this Court has abided by the principles that a Chapter 7 dismissal for the sole purpose of adding postpetition creditors, which would likely occur here, does not constitute "cause." *In re Sheets,* 174 B.R. 254, 256 (Bankr.N.D.Ohio 1994) (noting that this would violate the bankruptcy prohibition against seeking Chapter 7 relief more than once every six years). Accord-

ingly, based upon the presumption that once filed, a Chapter 7 bankruptcy case should proceed through until final administration, the Court cannot find that any "cause" exists to dismiss the Debtor's case under § 707(a).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

*ORDERED* that the Motion of the Debtor, Jeffery R. Barnette, to Dismiss, be, and is hereby, DENIED.